IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

CASE NO.

VINTAGE PROPERTIES, INC.,
a Florida Corporation; E.N. SUTTIN
CONSTRUCTION COMPANY, a
Florida Corporation; and PROMENADE
DEVELOPERS, LTD., a Florida Limited
Partnership,

    Plaintiffs,
v.

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, VINTAGE PROPERTIES, INC., E.N. SUTTIN CONSTRUCTION COMPANY, and PROMENADE DEVELOPERS, LTD., (hereinafter "INSUREDS"), by and through the undersigned counsel, brings this action against Defendant, MID-CONTINENT CASUALTY COMPANY, (hereinafter "MID-CONTINENT").  INSUREDS seek a declaratory and breach of contract judgment that MID-CONTINENT is obligated to defend and indemnify INSUREDS for losses arising from claims and suits against INSUREDS for the construction of single family dwellings allegedly containing defective Chinese-manufactured drywall.

## PARTIES

1.    VINTAGE PROPERTIES, INC., is a Florida Corporation with its principal place of business in Palm Beach County, Florida.

2.    E.N. SUTTIN CONSTRUCTION COMPANY, is a Florida Corporation with its principal place of business in Palm Beach County, Florida.

3. PROMENADE DEVELOPERS, LTD., a Florida Limited Partnership with its principal place of business in Palm Beach County, Florida.

4. MID-CONTINENT CASUALTY COMPANY, is an Oklahoma corporation with its principal place of business in Oklahoma.  MID-CONTINENT is authorized to conduct business in the state of Florida and has issued insurance policies in the state of Florida, including to entities located in the Southern District of Florida.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and the parties are incorporated in different states.

6. Pursuant to 28 U.S.C. §1391, venue is proper in Palm Beach County, Florida as it is where events giving rise to the claims occurred.

## GENERAL FACTS

7. INSUREDS were involved in constructing two single family homes located in Palm Beach County, Florida, ("Homes").  Construction of the Homes were completed by December of 2006.

8. This action arises from alleged property damage and/or bodily injury allegedly occurring as a result of the use of Chinese Drywall in the Homes and ultimately sold to homeowners (hereinafter "Claimants").

9. Claimant, Feinberg, has filed an action, <u>Feinberg vs. Promenade Developers, Ltd., et al</u>, in the Circuit Court of the Fifteenth Judicial Circuit in and for of Palm Beach County, Case No. 50-2010-CA-000099. Feinberg alleges damages including, but not limited to, emission of gaseous sulfur compounds causing increased rates of corrosion of soft metal materials throughout a home (such as air conditioning coils, refrigerator tubing, audio and video

equipment, and electrical wires); tarnishing of metals within a home; personal injury; damage to their personal property within their home; damages resulting from the need to restore, repair, and replace the damage and sources of the damage; and noxious odors.

10. Claimants, Feinberg and Sharper, are included as plaintiffs in <u>Sean & Beth Payton, et al v. Knauf GIPS KG, et al</u>, Case No. 2:09-CIV-07628-EFF-JCW in the Multi-District Litigation (MDL) in the U.S. District Court for the Eastern District of Louisiana.  Claimants allege damages including, but not limited to, emission of gaseous sulfur compounds causing increased rates of corrosion of soft metal materials throughout a home (such as air conditioning coils, refrigerator tubing, audio and video equipment, and electrical wires); tarnishing of metals within a home; personal injury; damage to their personal property within their home; damages resulting from the need to restore, repair, and replace the damage and sources of the damage; and noxious odors.

11. MID-CONTINENT issued INSUREDS a commercial liability policy which included completed operations coverage, namely, 04-GL-000733405 (Exhibit "A"), (hereinafter "Policy").  Policy covers all or some of the losses alleged by Claimants by and through the liability insurance policy sold to the named INSUREDS.

## Notice and Failure to Provide Coverage

12. INSUREDS timely provided notice under said Policy.

13. INSUREDS have satisfied all conditions precedent and obligations under the Policy; alternatively, any further efforts to satisfy conditions precedent would be futile.

14. INSUREDS have paid substantial sums for the Policy constituting all premiums due thereunder.

15. MID-CONTINENT has either, denied coverage, repudiated its obligation to provide a defense, or otherwise failed to timely acknowledge its coverage and defense

obligations by asserting a pollution exclusion but failing to acknowledge exceptions to said exclusion. To wit, Policy provides defense and coverage for "[b]odily injury" or "[p]roperty damage" sustained within a building and caused by the "release of gases, fumes or vapors from material brought into the building in connection with operations being performed by you (INSUREDS)" or on its behalf by a subcontractor. Notwithstanding, MID-CONTINENT denies both defense and indemnity coverage, said denial letter is attached as Exhibit "B".

## COUNT I – DECLARATORY JUDGMENT

16. INSUREDS' reallege and incorporate by reference Paragraphs 1 through 15 above, as if fully set forth herein.

17. Under the terms of the Policy, MID-CONTINENT is obligated to defend and indemnify INSUREDS in connection with the underlying claims.

18. INSUREDS have demanded that MID-CONTINENT perform their contractual obligations under the Policy, but they have repudiated their contractual obligations.

19. A justiciable controversy exists as to the insurance coverage the Policy provides.

20. Accordingly, pursuant 28 U.S.C. §2201, INSUREDS are entitled to a judgment declaring that MID-CONTINENT is obligated to defend and indemnify INSUREDS in connection with the underlying claims.

## COUNT II – BREACH OF CONTRACT

21. INSUREDS reallege and incorporate by reference Paragraphs 1 through 15 above, as if fully set forth herein.

22. MID-CONTINENT breached the Policy by failing to acknowledge coverage for the underlying claims and by failing to defend INSUREDS in the aforementioned suits.

23. As a result, INSUREDS have suffered damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

INSUREDS hereby demand a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, VINTAGE PROPERTIES, INC., E.N. CONSTRUCTION COMPANY, and PROMENADE DEVELOPERS, LTD., demand:

a) Judgment in the Plaintiffs' favor on Count I, declaring that MID-CONTIENT is obligated to defend and indemnify INSUREDS in connection with the underlying claims;

b) Judgment in the Plaintiffs' favor on Count II, awarding the Plaintiffs' damages in an amount to be determined at trial;

c) Pre-and post-judgment interest;

d) Attorney's fees pursuant to Chapter 627, Florida Statutes;

e) Costs; and

f) Any and all such further relief as this Court deems just and proper.

DATED: July 15, 2010.

Respectfully submitted,

LAW OFFICES OF MICHAEL J. YATES, P.L.
Attorneys for Plaintiffs
5975 Sunset Drive, Suite 602
Miami, Florida 33143
Telephone:   (305) 666-8100
Facsimile:    (305) 666-8106
Email:           myates@mjylaw.com

By:   ___/s/ Michael J. Yates____
       MICHAEL J. YATES, ESQ.
       Florida Bar No.: 0932205